## SUPERIOR COURT

George Grossum
vs.        } Eq. No.
James A. Agras et al
RESCRIPT.

December 31, 1924.

Barrows, J. Heard on prayer for a preliminary injunction.

Complainant's right to relief is based upon a covenant entered into between three partners, George Grossum, James A. Agras and John N. Giatrelis, who, on the recent dissolution of a partnership, agreed that the two latter should sell to the former the good will of a restaurant business known as the State Line Lunch in Westerly. The sale price was to be approximately $5100 to be paid each of the two retiring partners, who

agreed with complainant, the continuing partner, that they would not enter into a competitive business or be employed in one for a period of ten years from March 11, 1924, within a radius of one mile from the business conducted by complainant.

Complainant's case was rested upon his bill and evidence was offered by complainant and by respondent Agras, parties to the agreement. Their stories are not entirely in accord and we heard nothing from the partner Giatrelis. Enough developed, however, to satisfy the Court that the transaction by which the partnership was dissolved dangerously approached the line of unfair dealing between the partners. There can be no doubt that respondent Agras believed and was led to believe by the other two partners that Grossum alone was to continue, whereas the evidence as presented at this hearing satisfied us that Grossum and Giatrelis were working together to get rid of Agras and that Giatrelis at no time bona fide intended to retire from and quit the business.

As the bill prays for specific performance of the covenant and as the Court on the evidence at the present time is not satisfied that complainant comes into court with clean hands in the transaction, we do not feel justified in granting his prayer for a preliminary injunction.

See O'Connor vs. Norton, 13 Grant's Chancery, Canada, 428 (1867).

Whether, after hearing all the testimony on the bill and answer, the fair dealing of complainant would appear as dubious as it does now, we express no opinion.

For complainant: John Ferguson, Jr.

For respondents: DePasquale & Turano and Philip S. Knauer.